UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICHOLAS FREEMAN MARTIN,  Plaintiff,  v.  ENHANCED RECOVERY COMPANY, LLC,  Defendant. | CIVIL COMPLAINT  CASE NO. 1:17-cv-00730  DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes NICHOLAS FREEMAN MARTIN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct of ENHANCED RECOVERY COMPANY, LLC ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 27 year old natural person who resided at 929 South Elizabeth Street, Kokomo, Indiana, which lies within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant's mission states, "We strive to provide first class technology solutions that empower consumers to manage their accounts online, without the pressure of collection calls. It is our goal to provide a user-friendly experience that facilitate the compliant and amicable resolution of debt."[1] With a principal office located at 8014 Bayberry Road, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others throughout the country, including in Indiana.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

---

[1] https://pay.ercbpo.com/app/default.aspx

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately February 2017, Plaintiff started receiving phone calls to his cellular phone, (765) XXX-2177, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of cellular phone ending in 2177. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. The phone number that Defendant most often uses to call Plaintiff from is (800) 875-5143.

14. Upon information and belief, the phone number ending in 5143 is regularly utilized by Defendant during its debt collection practices against consumers in Indiana.

15. When Plaintiff answers calls from Defendant, he is greeted with "dead air" and upon saying "hello" several times, he does not receive a response.

16. Plaintiff has even stayed connected for almost two minutes waiting for Defendant to speak but has received no response.

17. Plaintiff has shouted into the phone, "Stop calling me," on multiple occasions.

18. On several instances, Plaintiff has also called Defendant back and has been greeted by an automated system.

19. Upon information and belief, Defendant is contacting Plaintiff for the purpose of collecting on defaulted consumer debt.

20. Frustrated over the calls and his inability to obtain any information, Plaintiff has made several demands to Defendant to stop calling.

21. Despite Plaintiff's requests, Defendant has continued to regularly call his cellular phone.

22. Defendant's calls have had a negative impact on Plaintiff's employment, as he has been reprimanded for receiving calls from it while at work.

23. Defendant has called Plaintiff's cellular phone on the following dates, including but not limited to:

    a. February 15, 2017
    b. February 17, 2017
    c. February 18, 2017
    d. February 21, 2017
    e. February 22, 2017
    f. February 24, 2017
    g. February 27, 2017
    h. February 28, 2017
    i. March 1, 2017
    j. March 3, 2017 (Defendant placed 2 phone calls to Plaintiff on this day)
    k. March 6, 2017
    l. March 7, 2017

24. Defendant has called Plaintiff not less than 13 times after he told it to stop.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in fees and expenses.

26. Plaintiff has expended money purchasing and maintaining an application subscription on his cellular phone in an attempt to quell Defendant's persistent calls, resulting in pecuniary loss.

27. Plaintiff has been unfairly harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

    a. **Violations of FDCPA §1692c(a)(1), §1692d and d(5)**

30. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), "if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except to advise the consumer that the debt collector's further efforts are being terminated."

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32. In addition, 15 U.S.C. §1692d prohibits specific behavior, such as:

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692d(5)

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 13 times after he demanded that it stop contacting him. This repeated behavior of systematically calling Plaintiff's phone over and over in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    b. **Violations of the FDCPA § 1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10)

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite not having permission to call him, as well as being told to cease contacting him on multiple occasions, Defendant continued to relentlessly contact Plaintiff. Instead of stopping this behavior, Defendant continued to systematically place at least 13 calls to Plaintiff's cellular phone, even calling him multiple times during the same day in a deceptive attempt to collect upon a debt. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via automated calls when it did not have his consent to do so.

### c. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff when it had no permission to do so, as well as after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. As plead in paragraphs 23 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, NICHOLAS FREEMAN MARTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The "dead air" that Plaintiff has experienced during answered calls from Defendant is indicative of an ATDS. Similarly, the automated message that Plaintiff was greeted with upon calling Defendant back is instructive that an ATDS was being used. Lastly, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

44. Defendant violated the TCPA by placing at least 13 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting him.

45. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NICHOLAS FREEMAN MARTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

47. Plaintiff repeats and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

49. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

50. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

51. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

52. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

53. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting him. Plaintiff never gave Defendant consent to contact his cellular phone via an ATDS, and any consent that he *may* have given it was explicitly revoked by his numerous demands to cease contacting him. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

54. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

55. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

56. In violating the TCPA, Defendant in further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on

9

one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

57. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

58. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

59. Defendant's conduct is part an incurable deceptive act to which notice would not remedy. Although unsuccessful, Plaintiff made countless attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 13 times after he told it to stop, shows that its behavior is incurable.

60. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

61. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 23 through 28, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including

Case 1:17-cv-00730-SEB-MJD Document 1 Filed 03/09/17 Page 11 of 11 PageID #: 11

spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

62. WHEREFORE, Plaintiff, NICHOLAS FREEMAN MARTIN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 9, 2017                                         Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Southern District of Indiana                 Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                               900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                    Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                  (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com

<mark>11</mark>