**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NICHOLAS FREEMAN MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY<br>COMPANY, LLC,<br><br>    Defendant. | Case No. 1:17-cv-00730-SEB-MJD<br><br>Magistrate Judge Mark J. Dinsmore |

**JOINT MOTION FOR ENTRY OF UNIFORM STIPULATED PROTECTIVE ORDER**

NOW COMES Plaintiff NICHOLAS FREEMAN MARTIN ("Plaintiff") and Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant") by and through their respective counsel (collectively "Parties"), and in support of their Joint Motion for Entry of Uniform Stipulated Protective Order, state as follows:

1. The Parties have met and conferred, and have agreed that a Protective Order is warranted in this case.

2. The Parties stipulate and agree that the Court's Uniform Protective Order, with limited changes and additions, address the concerns of the Parties. The Parties stipulate and agree to the following:

    a. The following language was added to Section II: "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including documents pertaining

4837-6036-1818.1

        to Enhanced Recovery Company, LLC's internal policies and procedures and documents relating to the telecommunications/dialing systems and equipment employed by Enhanced Recovery Company, LLC to place calls to the telephone number at issue in this action; (d) documents pertaining to a person who is not a party to the case, but who is/was associated with the telephone number at issue in this action; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case Information or documents that are available to the public may not be designated as Confidential Information."

    b.    The word "CONFIDENTIAL" was replaced with "CONFIDENTIAL – SUBJECT TO PROTECTIVE" throughout the proposed Uniform Stipulated Protective Order.

    c.    The section pertaining to "Attorneys' Eyes Only" and any reference to "Attorneys' Eyes Only" were deleted from the proposed Uniform Stipulated Protective Order.

    d.    Section VIII of the Uniform Protective Order was replaced with:

        "A.    Filing Documents Under Seal: The parties shall comply with Local Rule 5-11 when filing material designated as protected information pursuant to this order, with the following exceptions:

        1.    If the filing party did not designate the subject information confidential, the filing party need not file a redacted version of the document as required by Local Rule 5-11(d)(2)(B).

  2. The designating party(ies) identified according to Local Rule 5-11(d)(2)(A)(ii) must, within 14 days of service of the Motion to Maintain Document(s) Under Seal, also file a redacted (confidential portions blacked out) public version of any document that is sought to be maintained under seal.

Over-redaction of documents sought to be maintained under seal may result in the denial of a motion to seal.

  B. Challenging "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" Designation: Prior to the filing of any motion seeking to challenge the designation of information as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as set forth in Section IV above, the parties will request a telephonic conference with the Magistrate Judge to discuss the issue, following which the contesting party may move for an order removing or altering the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation with regard to such document(s)."

 e. Paragraphs were renumbered based on the above changes.

3. A copy of the proposed Uniform Stipulated Protective Order is attached as **Exhibit 1**.

4. The Parties further stipulate and agree that the proposed Uniform Stipulated Protective Order requested herein is not requested for purposes of delay and will not result in any prejudice to the Parties or to the Court.

5. Further, the instant request is made by the Parties in good faith.

Dated: January 12, 2018              */s/ Patrick B. Healy*
　　　　　　　　　　　　　　　　　　　Patrick B. Healy 29536-78
　　　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　　　　909 Wright's Summit Pkwy., Ste. 230
　　　　　　　　　　　　　　　　　　　Ft. Wright, KY 41011
　　　　　　　　　　　　　　　　　　　(859) 663-9830 Tel.
　　　　　　　　　　　　　　　　　　　(859) 663-9829 Fax
　　　　　　　　　　　　　　　　　　　Patrick.Healy@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*


　　　　　　　　　　　　　　　　　　　Stephen H. Turner (Admitted Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　Larissa G. Nefulda (Admitted Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　　　　633 W. 5th Street, Suite 4000
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　(213) 250-1800 Tel.
　　　　　　　　　　　　　　　　　　　(213) 250-7900 Fax
　　　　　　　　　　　　　　　　　　　Stephen.Turner@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　Larissa.Nefulda@lewisbrisbois.com
　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*


Dated: January 12, 2018              */s/ Nathan C. Volheim*
　　　　　　　　　　　　　　　　　　　Nathan C. Volheim, Esq. #6302103
　　　　　　　　　　　　　　　　　　　Ahmad Tayseer Sulaiman
　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan
　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis
　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　Lombard, IL 60148
　　　　　　　　　　　　　　　　　　　(630) 575-8181 x113 Tel
　　　　　　　　　　　　　　　　　　　(630) 575-8188 Fax
　　　　　　　　　　　　　　　　　　　nvolheim@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　ahmad.sulaiman@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　thatz@sulaimanlaw.com
　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*